## The People on the relation of Alexander Muir and others v. The Judge of the Superior Court of Detroit.

*Bond : Condition : Obligors : Defects.* A bond under the statute (*Sess. L. 1873, Vol. I., p. 67, § 21*) for the removal of a cause from the Wayne circuit to the superior court of Detroit, which is otherwise in regular form, and recites the names of the obligors properly as principals and surety, is not so deficient as to authorize a dismissal of the cause for the reason that in the condition of the bond; the place where the names of the obligors would regularly be written was left blank, so that no one was there specifically named to perform the condition : it is clear enough from the whole instrument who were obligated by it to perform the condition.

*Bond : Defects : Functus officio.* After the condition of the bond has been fully performed it becomes *functus officio*, and any such irregularities in it would not thereafter warrant a dismissal of the cause.

*Heard and decided October 28.*

Application for *mandamus*.

The relators applied by petition under the act establishing the superior court of Detroit (*Sess. L. 1873, Vol. 1, p. 67, § 21*), for the removal of a cause pending in the Wayne circuit court, wherein they were plaintiffs, and Archibald Muir, William Livingstone, Jr., Abijah W. Smith, and Alexander Stewart were defendants, from said circuit court to said superior court. With their petition they presented a bond signed by themselves, as principals, and by one

surety, as required by the act; and thereupon an order was entered in the cause in the circuit court accepting said security. The bond was in the usual form, except in the condition, and contained the names of the relators as principals and that of their surety as surety, and recited the proceedings for a transfer of the cause, and concluded as follows: "Now the condition of this obligation is such that if the said ———— shall cause to be filed and entered in the said superior court, on the first day of next term, copies of all papers filed and proceedings had in said cause in the said circuit, then this obligation to be void, otherwise to remain in full force and effect." In compliance with the condition of the bond, copies of all the papers filed in the cause were filed in the superior court; and the cause was duly noticed for hearing in the latter court and placed upon the docket. Thereupon, on motion of defendants' attorneys, the respondent dismissed the cause from that court for want of jurisdiction by reason of the incompleteness of the bond in not naming the obligors in the condition thereof. The relators then filed a certified copy of this order of dismissal in the circuit court and noticed the cause for trial in that court; but when the cause was reached on the docket the circuit judge declined to proceed with the trial, holding that by the law the cause was removed to the superior court. The relators then moved in the circuit for an order vacating the former order accepting the security offered upon the petition for removal, and the circuit judge refused to hear the motion, holding that by the law all proceedings in the cause in that court were stayed, and that he had no authority to proceed further therein.

The relators now apply for *mandamus* to compel the respondent to vacate and set aside the order dismissing the cause from the superior court of Detroit.

A demurrer to this application was interposed on behalf of the respondent.

MUIR *v.* JUDGE OF SUPERIOR COURT OF DETROIT.

*L. S. Trowbridge,* for the relators.

*Moore & Griffin,* for the respondent.

THE COURT held that the bond was sufficient, as there could be no mistake from the whole instrument as to who were the parties that were obligated to perform the conditions and cause the papers, etc., to be filed in the superior court; and that after the papers were filed and the conditions of the bond fully performed the bond became *functus officio,* and any such irregularities· in it would not thereafter warrant a dismissal of the cause.

Writ granted.